**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**C.O. LAW, APC**
Clark Ovruchesk.fornia.com
750 B. Street, Suite 3300
San Diego, California 92101
Telephone: (619) 356-8960
Facsimile: (619) 330-7610

*Attorneys for Plaintiff,*
Kellie Gadomski

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KELLIE GADOMSKI, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC,**<br><br>**Defendant.** | **Case No.:** 17-cv-670-TLN-AC<br><br>**PLAINTIFF KELLIE GADOMSKI'S OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S PARTIAL MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>**DATE:** June 29, 2017<br>**TIME:** 2:00 P.M.<br>**JUDGE:** HON. TROY L. NUNLEY<br>**CRTRM:** 2 |

# TABLE OF CONTENTS

**PAGE(S)**

I.  INTRODUCTION ........................................................................................... 1

II.  LEGAL STANDARD ..................................................................................... 1

III.  ARGUMENT ................................................................................................. 3

    A. DEFENDANT'S MOTION SEEKS TO MISCONSTRUE PLAINTIFF'S CLAIMS AGAINST DEFENDANT .................................................................................. 2

        I.   PLAINTIFF DID NOT ALLEGE CONFLICTING ALLEGATIONS .. 2

        II.  CHAPTER 7 AND CHAPTER 13 DEBTORS ARE SIMILARLY SITUATED ................................................................................. 3

        III. EQUITABLE RELIEF IS PROPER UNDER THE FCRA ............... 4

    B. PLAINTIFF HAS SUFFICIENTLY ALLEGED A PRIMA FACIE CASE ................. 4

    C. DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS SHOULD BE DENIED AS IMPROPER AND PREMATURE ...................................................... 6

    D. DEFENDANT'S PREEMPTIVE MOTION IS DESIGNED SOLELY TO PREJUDICE PLAINTIFF ........................................................................................... 10

    E. PLAINTIFF HAS SUFFICIENTLY PLED ALLEGATIONS RELATING TO RULE 23(A) AND RULE 23(B) REQUIREMENTS .................................................. 11

        I.   PLAINTIFF'S PROPOSED CLASSES ........................................ 11

        II.  PLAINTIFF'S PROPOSED CLASS SATISFIES THE "NUMEROSITY" REQUIREMENT OF RULE 23(A)(1) ............. 12

        III. PLAINTIFF'S PROPOSED CLASS SATISFIES THE "COMMONALITY" REQUIREMENT OF RULE 23(A)(2) .......... 13

        IV.  PLAINTIFF'S PROPOSED CLASS SATISFIES THE "TYPICALITY" REQUIREMENT OF RULE 23(A)(3) ............... 15

V.   PLAINTIFF'S   PROPOSED   CLASSES   SATISFY   THE "PREDOMINANCE" REQUIREMENT OF RULE 23(B)(3) ......... 17

IV.   <u>CONCLUSION</u> ............................................................................. 20

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

# TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591, 623 (1997).................................................................. 17

*Blair v. CBE Group Inc.,* 2013 WL 2029155, *5 (S.D. Cal. May 13, 2013)
    2013 WL 2029155, *5 (S.D. Cal. May 13, 2013)................................. 9

*Anderson v. CBE Group, Inc.*,
    2011 U.S. Dist. LEXIS 42334 (N.D. Cal. Apr. 18, 2011) ................... 9

*Campbell v. PricewaterhouseCoopers, LLP*
    E.D.Cal.2008, 253 F.R.D. 586, adhered to 287 F.R.D. 615 ........................ 12

*Chen-Oster v. Goldman, Sachs & Co.*,
    877 F. Supp. 2d 113, 116 (S.D.N.Y. 2012)...................................... 10

*Cordero v. Fin. Assistance, Inc.*
    2006 WL 3456662 (N.D. Cal. Nov. 29, 2006) ......................... 18, 19

*Dake v. Receivables Performance Management, LLC*
    2013 U.S. Dist. LEXIS 160341 (C.D. Cal. April 16, 2013)............................. 4

*General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*
    446 U.S. 318, 64. ........................................................................... 12

*Guimond v. Trans Union Credit Info. Co.*,
    45 F.3d 1329, 1333 (9th Cir. 1995) ............................................. 5, 6

*Grigoryan v. Experian Information Solutions, Inc.*,
    84 F.Supp.3d 1058 (C.D. Cal. 2014)................................................ 19

*In re Conseco Life Ins. Co. LifeTrend Ins. Sales and Marketing Litigation*
    N.D.Cal.2010, 270 F.R.D. 521. ..................................................... 13

*In Re Saturn L-Series Timing Chain Prods. Liab. Litig.*
    2008 WL 4866604, *24 (D. Neb. Nov. 7, 2008) ............................ 10

*(Left margin, vertical text:)* C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

*Iniguez v. The CBE Group*,
    F. Supp. 2d. --, 2013 WL 4780785, *6 (S.D. Cal. Sept. 5, 2013) ................ 1, 8

*Jones v. Shalala*
    C.A.9 (Cal.) 1995, 64 F.3d 510. ....................................................... 15

*Kamm v. Cal. City Dev. Co.*
    509 F.2d 205, 210 (9th Cir. 1975) ....................................................... 8

*Khorrami v. Lexmark Intern. Inc.*
    2007 WL 8031909, *2 (C.D. Cal. 2007) .............................................. 2

*Lyons v. Coxcom, Inc.*
    718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009), .............................. 5

*Mantolete v. Bolger*
    767 F.2d 1416, 1424 (9th Cir. 1985) ................................................... 7

*Manno v. Healthcare Revenue Recovery Group, LLC*,
    2012 U.S. Dist. LEXIS 132860, *9-10 (S.D. Fla. Sept. 18, 2012) ............. 11

*McCrary v. Stifel, Nicolaus & Co., Inc.*
    687 F.3d 1052, 1059 (8th Cir. 2012) ................................................... 7

*Murray v. GMAC Mortg. Corp*
    (7th Cir. 2006) 434 F.3d 948, 953 ..................................................... 18

*Pitts v. Terrible Herbst, Inc.*
    653 F.3d 1081, 1094 n.5 (9th Cir. 2011) ............................................. 8

*Roberts v. Wyndham Intern., Inc.*,
    2012 WL 6001459, *3 (N.D. Cal. Nov. 30, 2012). ............................ 1

*Rothery v. Trans Union*
    2006 WL 1720498 (D. Or. Apr. 6, 2006) ........................................... 19

*Roy v. Wells Fargo Bank, N.A.*
    2015 WL 1408919, at *2 (N.D. Cal. Mar. 27, 2015) ........................ 6

*Simpson v. Ramada Worlwide*
    2012 WL 5988644, *2 (N.D. Cal. Nov. 29, 2012) ............................ 1

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

TABLE OF CONTENTS & AUTHORITIES

*Thorpe v. Abbott Labs.*
    534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) .................................................... 9

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935, 942 (9th Cir. Cal. 2009) ......................................................... 7, 8

*Walker v. World Tire Corp., Inc.*,
    563 F.2d 918, 921 (8th Cir. 1977) ....................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*
    U.S.2011, 131 S.Ct. 2541, 564 U.S. 338, 180 L.Ed.2d 374 ........................... 13

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 , 973 (9th Cir. 2010) ..................................................................... 6

**STATUTES**                                                 **PAGE(S)**

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. ........................*passim*

**OTHER AUTHORITIES**                              **PAGE(S)**

7AA Wright, Miller & Kane, Federal Practice and Procedure § 1785.3 .................... 10

Fed. R. Civ. P. R. 23 et seq. ...................................................................................*passim*

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

## I.   __INTRODUCTION__

Defendant EQUIFAX INFORMATION SERVICES, LLC. ("Defendant") provides no justification for its Motion to Strike Class Allegations regarding Plaintiff KELLIE GADOMSKI's ("Plaintiff") claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").[1]   In fact, Defendant's arguments are all without merit, and most importantly, premature.   Furthermore, Defendant's Motion merely seeks to prejudice Plaintiff by denying discovery necessary to provide Plaintiff a fair opportunity to demonstrate that the requirements of Fed. R. Civ. P. 23 are satisfied. Based upon the flaws in Defendant's Motion, Plaintiff respectfully requests the Court deny Defendant's Motion in its entirety.[2] However, in the event that this Court grants Defendant's Motion, in whole or in part, Plaintiff respectfully requests leave to amend in order to cure Plaintiff's operative pleading of any perceived deficiencies.

## II.   __LEGAL STANDARD__

Pursuant to Rule 23(d)(1)(D), a court may "strike allegations if the complaint plainly reflects that a class action cannot be maintained." *Simpson v. Ramada Worlwide,* 2012 WL 5988644, *2 (N.D. Cal. Nov. 29, 2012).   The court must view the pleadings in the light most favorable to the non-moving party, and "motions should only be granted when the complaint has obvious defects that cannot be cured through the class discovery and class certification process." *Id.* (citing *In re Wal-Mart Stores, Inc., Wage & Hour Litig.,* 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)); *see also Roberts v. Wyndham Intern., Inc.,* 2012 WL 6001459, *3 (N.D. Cal. Nov. 30, 2012). "Dismissing class allegations in the pleading stage, however, is rare because the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case." *Iniguez v. The CBE Group,* -- F. Supp. 2d. --, 2013 WL 4780785, *6 (S.D. Cal. Sept. 5, 2013).

---

[1]  Defendant's Motion also appears to be noncompliant with Fed. R. Civ. P. 32(a)(5) by using a font size smaller than 14-point throughout the Motion.

[2] It is also critical to note that Defendant is *not* seeking to dismiss Plaintiff's individual claims under § 1681i(a). (*See* Defendant's Motion FN1).

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

Moreover, "motions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Lyons v. Coxcom, Inc.,* 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (citing *Thorpe v. Abbott Lab., Inc.,* 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). "Because striking [class allegations] is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Intern. Inc.,* 2007 WL 8031909, *2 (C.D. Cal. 2007).

## III.   ARGUMENT

As discussed herein, Defendant's Motion should be denied because: (A) Defendant's Motion seeks to misconstrue Plaintiff's claims; (B) Plaintiff has sufficiently alleged a prima facie violation under the FCRA; (C) Defendant's Motion is premature; (D) Defendant's premature Motion severely prejudices Plaintiff; and (E) Plaintiff has sufficiently pled allegations to satisfy Rule 23 requirements.

### A. DEFENDANT'S MOTION SEEKS TO MISCONSTRUE PLAINTIFF'S CLAIMS AGAINST DEFENDANT

#### i.   PLAINTIFF DID NOT ALLEGE CONFLICTING ALLEGATIONS

In their Motion, Defendant argues:

> "In short, Equifax is not required to scour every bankruptcy docket on PACER to determine whether any particular consumer has filed bankruptcy. It is entitled to use other, reasonable procedures to find that information. But even if Plaintiff were right, she expressly alleges that Equifax reports information it 'regularly obtain[s]' from PACER, which she does not allege is anything other than a presumptively reliable source of credit information. Compl. ¶ ¶78, 125). Plaintiff cannot plausible contend, on the one hand, that Equifax lacks "reasonable procedures" for collecting bankruptcy information while admitting, on the other hand, that Equifax already implements the "procedure" Plaintiff (wrongly) argues that the FCRA requires. On that basis alone, her claims under § 1681e(b) fails as a matter of law."

Defendant's Motion 9:7-15.

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

However, this misconstrues Plaintiff's allegations. A reasonable inference of Plaintiff's allegations is that *because* Defendant has proactively decided to vet PACER for public bankruptcy records for consumers as a business policy to comply with the reasonable procedures requirement of the FCRA, Defendant has a duty to make sure they *implement* that reasonable procedure fairly and consistently for all pertinent debtors Defendant maintains consumer files for. Plaintiff alleges that Defendant has fallen below that standard of care. That failure then compounds when consumers submit disputes with Defendant informing Defendant of their bankruptcies, as well as the implicated accounts discharged in their bankruptcies, and Defendant fails to reasonably investigate those disputes by continuing to not report the public record of the bankruptcy or that the disputed accounts were discharged, despite being able to easily do so.

Through discovery, Plaintiff can examine Defendant's business practices, policies (e.g., how diligently Defendant pursues reporting public records of bankruptcies for all relevant debtors after already proactively deciding to subscribe to that information through PACER, how Defendant responds to consumer disputes that inform Defendant that they had bankruptcies and thus outstanding debts were discharged, how Defendant documents such information and investigations, etc.), and patterns of conduct, through Rule 30(b)(6) Person Most Knowledgeable depositions to determine if a class is ultimately certifiable.

    ii.    **CHAPTER 7 AND CHAPTER 13 DEBTORS ARE SIMILARLY SITUATED IN RESPECT TO THE "DISCHARGED" STATUS OF THEIR DEBTS**

Defendant also misinterprets Plaintiff's proposed Class by discussing the differences between a Chapter 7 Bankruptcy and a Chapter 13 Bankruptcy. The focus on the difference in outcome between to the forms of bankruptcy is misplaced. (Defendant's Motion 14:9 – 15:17). While the *process* of the two forms of bankruptcy are certainly different, it is the act of *failing to report* the existence of a bankruptcy (Chapter 7 or Chapter 13) which forms the basis of Plaintiff's proposed class. Further,

failure to *rectify* that error after receiving FCRA disputes forms the basis of Plaintiff's proposed sub-class. In both cases, the *form* of the unreported bankruptcy *discharge* is irrelevant to the harm the classes are alleged to have suffered—that Defendant failed to report their bankruptcies and their debts were discharged in those bankruptcies. As more information is obtained through discovery, both Plaintiff and Defendant will be in a proper position to have a full-and-fair hearing on a Rule 23 Motion.

### iii. EQUITABLE RELIEF IS PROPER UNDER THE FCRA

Defendant argues Plaintiff cannot obtain equitable relief under the FCRA. However, it is undisputed that district courts have inherent power to issue equitable relief, and while Congress may limit that power with respect to a particular statute, the Supreme Court has made clear that such limits are not assumed. In *Califano v. Yamasaki* the Court held that "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."[3] Injunctive relief has also been agreed to by CRAs, including Defendants, in the class action settlement context.[4]

### B. PLAINTIFF HAS SUFFICIENTLY ALLEGED A PRIMA FACIE CASE AGAINST DEFENDANT

In their Motion, Defendant mainly argues that Plaintiff fails to allege that Defendant lacks reasonable procedures under the FCRA, which is false. *See Complaint e.g.* ¶ ¶ 6, 131, 147, 158, 170, 175, 176, 180. Moreover, Plaintiff is *not* required to allege that Defendant lacks reasonable procedures to establish a prima

---

[3] 442 U.S. 682, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979). *See also Andrews v. TransUnion Corp.*, 7 F. Supp. 2d 1056, 1084 (C.D. Cal. 1998), *rev'd on other grounds sub nom.*

[4] *White v. Experian Info. Solutions, Inc.*, Case No. 05-CV-01070 (C.D. Cal. Aug. 19, 2008) (settlement class under Fed. R. Civ. P. 23(b)(2) certified for injunctive relief requiring Experian, Equifax, and TransUnion to revise completely the procedures used to report pre-bankruptcy debt following a chapter 7 bankruptcy, essentially reversing the presumption of non-dischargeability that the CRAs had been applying). *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) (certifying over objection settlement class under Fed. R. Civ. P. 23(b)(2) for injunctive relief that included waiver of statutory damage claims in return for meaningful injunctive relief and preservation of claims for actual damages).

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

facie case against Defendant. Plaintiff is only required to show that Defendant prepared a credit report containing inaccurate information.

In *Cahlin v. General Motors Acceptance Corp.*, the Eleventh Circuit explained that a consumer satisfies her initial burden by presenting evidence tending to show that the CRA published a consumer report containing inaccurate data. Once this burden has been met, the CRA "can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases." [5]

The Ninth Circuit expresses a similar opinion in *Guimond v. Trans Union Credit Info. Co.* The court held that "[i]n order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." 45 F.3d 1329, 1333 (9th Cir. 1995). In the Ninth and Eleventh Circuits, "following reasonable procedures" is an affirmative *defense* that must be *proven* by the CRA.[6] The Ninth Circuit has also definitively held that the reasonableness of the procedures will be a question for the jury.[7]

---

[5] 936 F.2d 1151, 1156 (11th Cir. 1991). *See also Jackson v. Equifax Info. Servs., L.L.C.*, 167 Fed. Appx. 144, 146 (11th. Cir. 2006) (citing *Cahlin*); *Best v. Bluegreen Corp.*, 2014 WL 6883083 (S.D. Fla. Dec. 4, 2014) (to establish prima facie case, plaintiff only need to present an inaccuracy, quoting *Cahlin*);

[6] *Smith v. E-Backgroundchecks.com, Inc.*, 81 F. Supp. 3d 1342, 1357 (N.D. Ga. 2015) (noting two different approaches in Eleventh Circuit, but under either approach, burden is on CRA once plaintiff demonstrates an inaccuracy); *Haley v. TalentWise, Inc.,* 9 F. Supp. 3d 1188 (W.D. Wash. 2014) (following *Guimond*); *Starkey v. Experian Info. Solutions Inc.,* 32 F. Supp. 3d 1105, 1108 (C.D. Cal. 2014) (quoting *Guimond*); Baker v. Trans Union L.L.C. (*Baker III*), 2010 WL 2104622 (D. Ariz. May 25, 2010) (following Guimond); *Valentine v. First Advantage SafeRent, Inc.* (*Valentine* I), 2008 WL 4367353 (C.D. Cal. Sept. 23, 2008) (following *Guimond*); *Cairns v. GMAC Mortg. Corp.*, 2007 WL 735564 (D. Ariz. Mar. 5, 2007) ("Thus, prior to sending a section 1681e(b) claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was accurate," citing *Guimond*, emphasis in original)

[7] *Andrews v. TRW, Inc.*, 225 F.3d 1063 (9th Cir. 2000), *rev'd and remanded*, 534 U.S. 19 (2001), *on remand, aff'd without op.*, 275 F.3d 893 (9th Cir. 2001) ("It would normally not be easy for a court as a matter of law to determine whether a given procedure was reasonable in reaching the very high standard set by the statute"), *modified, aff'd in part, rev'd in part*, 289 F.3d 600 (9th

---

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

Defendant does not, and cannot, dispute that the information reported on its credit report was inaccurate. Pursuant to Ninth Circuit authority, because Plaintiff sufficiently alleged the information Defendant reported was inaccurate and the reasonableness of Defendant's procedures will be a question reserved for the jury, adjudication of this issue is simply not proper at the motion to dismiss level.

### C. DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS SHOULD BE DENIED AS IMPROPER AND PREMATURE.

A motion to strike (class action) allegations should also not be entertained at the motion to dismiss stage of litigation on a fundamental level. Both the text of Rule 12(f) and Ninth Circuit precedent agree that a court may strike from a pleading only "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ; *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 , 973 (9th Cir. 2010) (district court erred in striking claim for damages via Rule 12(f) because "none of the five categories [in Rule 12(f) ] covers the allegations in the pleading sought to be stricken . . . ."); *Roy v. Wells Fargo Bank, N.A.*, 2015 WL 1408919, at *2 (N.D. Cal. Mar. 27, 2015).

The (class) allegations in Plaintiff's complaint are not an insufficient defense, redundant, immaterial, impertinent, or scandalous. Indeed, Defendant does not claim that the class allegations fit any Rule 12(f) category; Defendant argues only that the class allegations are legally insufficient. Because Defendant's Motion is an improper motion to strike, it should be denied.

Defendant's Motion should be also be denied because it prematurely seeks to resolve disputed factual issues about whether a class may eventually be certified.[8]

---

Cir. 2002); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) ("The issue of whether the agency failed to follow 'reasonable procedures' " will be a "jury question[] in the overwhelming majority of cases."); *Starkey v. Experian Info. Solutions Inc.*, 32 F. Supp. 3d 1105, 1108 (C.D. Cal. 2014) (quoting *Guimond*); *Valentine v. First Advantage SafeRent, Inc.* (Valentine II), 2009 WL 4349694, at *8 (C.D. Cal. Nov. 23, 2009); *Acosta v. Trans Union*, 243 F.R.D. 377 (C.D. Cal. 2007); *Rothery v. Trans Union, L.L.C.*, 2006 WL 1720498 (D. Or. Apr. 6, 2006) (noting it is a "rare instance" where the CRA's procedures are clearly reasonable.").

[8] "Undoubtedly, addressing these arguments at a later date will require additional time and

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

While "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a [motion to strike]" (*McCrary v. Stifel, Nicolaus & Co., Inc.,* 687 F.3d 1052, 1059 (8th Cir. 2012)), "the propriety of class action status can <u>seldom be determined on the basis of the pleadings alone.</u>" *Walker v. World Tire Corp., Inc.,* 563 F.2d 918, 921 (8th Cir. 1977) (<u>emphasis</u> added). Striking the pleadings at this stage is considered premature, as discovery has not yet commenced. *See Moreno v. Baca,* 2000 WL 33356835, *2 (C.D. Cal. 2000) (Defendants' motion to strike class allegations were premature because no motion for class certification has been filed).[9]

Further, in considering a challenge to class certification at the pleading stage, the motion must be denied if plaintiffs make either a "prima facie showing that the class action requirements of [Rule] 23 are satisfied," *or* show that "discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985);[10] *accord Vinole v. Countrywide Home Loans, Inc.*, 571

expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification." *Cole v. Asurion Corp.,* 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008).

[9] *See Covillo v. Specialtys Café*, 2011 U.S. Dist. LEXIS 147489, at *17-18 (N.D. Cal. Dec. 22, 2011) (denying defendants' motion to dismiss wage and hour class claims as premature); *Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *7 (S.D. Cal. June 11, 2012) ("To the extent that Hilton seeks to 'resolve class claims at the pleading stage, … however, its motion is improperly brought pursuant to Federal Rule of Civil Procedure 12(b)(6).")*; see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1798 (3d ed. 2005) ("Compliance with Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary-judgment motion."); *I.B. v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 154327 (N.D. Cal. Oct. 25, 2012) (denying as premature a motion to strike class allegations based on argument that allegations presented highly individualized facts); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245-46 (C.D. Cal. 2011) (rejecting motion to dismiss class allegations in advance of a motion for class certification as class allegations require ample discovery); *Hibbs-Rines v. Seagate Techs., LLC*, 2009 U.S. Dist. LEXIS 19283, at *7-8 (N.D. Cal. Mar. 2, 2009) ("Discovery is integral to developing the shape and form of a class action and granting of motions to dismiss class allegations before discovery has commenced is rare'") (internal quotations and citations omitted).

[10] *See, e.g., Artis v. Deere & Co.*, 2011 WL 2580621, at *2-4 (N.D. Cal. June 29, 2011) (prima facie showing does "not concern" "whether Plaintiff will ultimately satisfy her burden of establishing that a class action is proper…"), *aff'd* 276 F.R.D. 348 (N.D. Cal. 2011); *Kaminske*

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

F.3d 935, 942 (9th Cir. Cal. 2009); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).  For a prima facie showing, plaintiffs are only required to show that they have pled claims that *may* later be certified after discovery, not that certification will *likely* be granted.

Here, as in most class actions, "the pleadings alone will not resolve the question of class certification," and therefore "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)[11] (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (it is an abuse of discretion to dismiss class action if "propriety of a class action cannot be determined . . . without discovery") (citations omitted).[12]

In *Iniguez v. The CBE Group,* the defendant debt collector was calling the plaintiff to collect a debt owed by an unknown third party, and after informing the defendant of this error, the calls continued unabated.  – F. Supp. 2d --, 2013 WL 4780785, *1 (E.D. Cal. Sept. 5, 2013).  After denying the motion to dismiss, the

*v. JP Morgan Chase Bank*, 2010 U.S. Dist. LEXIS 141514, at *8-9 (C.D. Cal. May 21, 2010).

[11] *Vinole* recognized some trial courts have "considered defendants' 'preemptive' motions to deny certification" before plaintiffs have filed a certification motion, and found a district court could consider a motion to deny certification three weeks before the close of discovery *when plaintiffs "did not intend to propound any additional discovery."* 571 F.3d at 940-41, 943 (emphasis added).

[12] *See also Shein v. Canon U.S.A., Inc.,* 2009 WL 3109721, *10 (C.D. Cal. Sept. 22, 2009) ("The Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record"); *In re Jamster Mftg. Litig.,* 2009 WL 1456632, *7 (S.D. Cal. May, 22, 2009) ("Even though the argument of the defendant may ultimately prove persuasive, the court declines to address issues of class certification at the present time…piece-meal resolution of issues related to the prerequisites for maintaining a class action do not serve the best interest of the court or parties"); *St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc.,* 2013 WL 1076540, *5 (E.D. Missouri Mar. 13, 2013) ("Where the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue.") (internal citations omitted).

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

court addressed the concurrent motion to strike: "This case is not one in which the pleadings clearly indicate that the class action requirements cannot be met. Defendant's motion to strike is accordingly premature, and it is denied." *Id.* at *6 (citing *In re Wal-Mart,* 505 F. Supp. 2d at 615-16; *Blair v. CBE Group Inc.,* 2013 WL 2029155, *5 (S.D. Cal. May 13, 2013)).  "The sufficiency of Plaintiff's class allegations are better addressed in Plaintiff's pending motion for class certification." *Id.*  Similarly here, the pleadings alone do not clearly indicate that the class action requirements cannot be met, and would be better addressed on an eventual motion for class certification, once proper discovery has been conducted.

As aptly explained in *Anderson v. CBE Group, Inc.*, 2011 U.S. Dist. LEXIS 42334 (N.D. Cal. Apr. 18, 2011), "the Court finds defendant's arguments about the class definitions are premature and should be resolved in connection with plaintiffs' motion for class certification. The Court will be better positioned to assess the validity of those objections after the parties have developed the factual record and any legal questions about the TCPA have been resolved." *Id.* at *4.

Moreover, the Honorable Virginia A. Phillips of the United States District Court, Central District of California also rejected such a premature attack on class certification as a "thinly veiled opposition to a yet-to-be-filed motion for class certification" in *Dake v. Receivables Performance Management, LLC*, 2013 U.S. Dist. LEXIS 160341 (C.D. Cal. April 16, 2013).  In *Dake*, Judge Phillips ruled that [c]lass allegations are generally not tested at the pleading stage, and instead are tested at the class certification stage.  See, e.g. *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008).  *Dake*, at *15.  Judge Phillips also stated that Dake's class allegations were sufficient for the pleading stage and that [i]t is rare for the Court to strike class allegations at this stage in the litigation. *Id.*

Accordingly, Defendant's Motion at the pleading stage is simply premature, and the Court will be better suited to address these concerns after the parties have developed the factual record.

### D. DEFENDANT'S PREEMPTIVE MOTION IS DESIGNED SOLELY TO PREJUDICE PLAINTIFF

"Motions to strike are generally looked upon with disfavor [and] a notion to strike class allegations … is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation, solely on the basis of which is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chen-Oster v. Goldman, Sachs & Co.,* 877 F. Supp. 2d 113, 116 (S.D.N.Y. 2012) (citing *Chenensky v. New York Life Ins. Co.,* 2011 WL 1795305, *1 (S.D.N.Y. Apr. 27, 2011)). "The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues." *Vinole*, 571 F.3d at 942 (quoting *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 & n.14 (11th Cir. 2008)).

Defendant seeks to prejudice Plaintiff by denying access to discovery needed to certify a class action, and possibly narrow the scope of the class definition. Similarly, such motions are routinely denied as being premature. *See In Re Saturn L-Series Timing Chain Prods. Liab. Litig.*, 2008 WL 4866604, *24 (D. Neb. Nov. 7, 2008) ("Even where class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery of, for example, the lists that they claim will identify the class members."); *see also* 7AA Wright, Miller & Kane, Federal Practice and Procedure § 1785.3 ("As a practical matter, the court's [certification] determination usually should be predicated on more than the complaint itself affords.").

Defendant repeatedly contends that Plaintiff has not demonstrated that Plaintiff's claims are a result of a Defendant lacking "reasonable procedures to assure maximum possible accuracy." [*See, e.g.,* Defendant's Motion, 7:14-17]. However, it is unclear how anyone other than Defendant would be privy to such information at this stage of the pleadings. Through discovery, Plaintiff can examine Defendant's business practices and policies (e.g., how diligently Defendant pursues reporting

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

public records of bankruptcies for all pertinent debtors after already proactively deciding to subscribe to that information through PACER, how Defendant responds to consumer disputes that inform Defendant that they had bankruptcies and thus outstanding debts were discharged, how Defendant documents such information and investigations, etc.) through depositions to determine if a class is certifiable.

Defendant essentially seeks to avoid a potential class action without permitting limited class discovery necessary to support a class certification motion, as aptly explained by the court in *Manno*:

> While Defendant would essentially have the Court decide that Plaintiff's class action cannot succeed, such a decision would be premature. **Indeed, it strikes this Court as untenable to rule at this stage that Plaintiff's class certification motion fails and, at the same time, Plaintiff is not entitled to the very discovery that may establish an essential element of the class.**

*Manno v. Healthcare Revenue Recovery Group, LLC,* 2012 U.S. Dist. LEXIS 132860, *9-10 (S.D. Fla. Sept. 18, 2012) (**emphasis** added). At the very least, Plaintiff needs class discovery regarding the numerosity requirement of Fed. R. Civ. P. 23(a). Thus, discovery is necessary and the Court should deny the Motion.

### E. PLAINTIFF HAS SUFFICIENTLY PLED ALLEGATIONS RELATING TO RULE 23(A) AND RULE 23(B) REQUIREMENTS

Alternatively, if this Court does choose to consider Rule 23 arguments at the motion to dismiss stage, then Plaintiff contends she sufficiently pled allegations to satisfy Rule 23 requirements. It is important to note that Plaintiff has alleged a class and two sub-classes. As such, each proposed class will be discussed below.

### i. PLAINTIFF'S PROPOSED CLASSES
### 1. MAIN CLASS DEFINITION

"All individuals who on, or after February 2012 have had a consumer report relating to them prepared by Equifax in which one or more of their tradeline accounts or debts was not reported as discharged despite the fact that such debts had been discharged as a result of their bankruptcy under Chapter 7 and Chapter 13 of the Bankruptcy Code." (Complaint ¶153).

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

### 2. DISPUTE SUBCLASS DEFINITION

"All individuals included in the Class described above whose discharged debts continued to be erroneously reported by Equifax as due and owing any time after 30 days from the date that Equifax had received a dispute letter informing them that those debts had, in fact, been discharged." (*Id.*, at ¶160).

### 3. PUBLIC RECORD SUBCLASS DEFINITION

"All individuals included in the Class and Subclass described above whose record of Chapter 7 or 13 Bankruptcies fail to report in the 'Public Records' section of Equifax's credit reports any time, including 30 days from the date that Equifax received a dispute letter informing them that those Bankruptcies had, in fact, occurred." (*Id.,* at ¶166)

#### ii. PLAINTIFF'S PROPOSED CLASS SATISFIES THE "NUMEROSITY" REQUIREMENT OF RULE 23(A)(1)

Each class and subclass contains an ascertainable number of class members, since the class members can be determined by reference to purely objective criteria. While the number of class members in each class and subclass are unknown, the number is certainly in the thousands. (*Id.*, at ¶¶ 155, 161, and 167).

This rule's numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. *General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318, 64. Although impracticability does not hinge only on number of members in putative class, joinder is usually impracticable if class is large in numbers, and while there is no set number of members required, classes numbering in the hundreds generally satisfy "numerosity" requirement for class certification. *Campbell v. PricewaterhouseCoopers, LLP*, E.D.Cal.2008, 253 F.R.D. 586, adhered to 287 F.R.D. 615. As even Plaintiff's smallest proposed class numbers in the thousands, it is clear that Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1) as it relates to each of her proposed classes.

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

### iii. PLAINTIFF'S PROPOSED CLASS SATISFIES THE "COMMONALITY" REQUIREMENT OF RULE 23(A)(2)

The Commonality requirement for class certification obligates the named plaintiff to demonstrate that class members have suffered the "same injury," not merely that they have all suffered violation of same provision of law; claims must depend upon a common contention, and that common contention must be of such a nature that it is capable of classwide resolution, meaning that determination of its truth or falsity will resolve issue that is central to validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, U.S.2011, 131 S.Ct. 2541, 564 U.S. 338, 180 L.Ed.2d 374. Further, the existence of shared legal issues with divergent factual predicates is sufficient to satisfy the commonality prerequisite to class certification, as is a common core of salient facts coupled with disparate legal remedies within the class. *In re Conseco Life Ins. Co. LifeTrend Ins. Sales and Marketing Litigation*, N.D.Cal.2010, 270 F.R.D. 521.

As such, that the *outcomes* of filing for a Chapter 7 Bankruptcy and a Chapter 13 Bankruptcy are different, the failure accurately report the existence of the divergent *discharges* does not render Plaintiff's proposed classes insufficient under the "commonality" requirement of Rule 23(a)(2). Defendant spends a large amount of time discussing the commonality requirement as it relates to Plaintiff's proposed main class.

As stated in Plaintiff's Complaint:
"There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the Class are whether: (a) in preparing consumer reports concerning individuals whose debts have been discharged in bankruptcy, Equifax has failed to follow reasonable procedures to assure maximum possible accuracy of the information pertaining to the status of those debts in accordance with the requirements of 15 U.S.C. §1681e(b);  (b) Equifax's failure to comply with the requirements of 15 U.S.C. §1681e(b) is negligent pursuant to 15 U.S.C. §16 81o(a); and (c) Equifax's failure to comply with 15 U.S.C. §1681e(b) is willful pursuant to 15 U.S.C. §1681n(a)." (Complaint ¶158).

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

It is clear that the harm the class is alleged to have suffered is identical; the Plaintiff, and the proposed class, have all been harmed by Defendant's failure to prepare consumer reports by utilizing a reasonable procedure to assure the maximum possible accuracy of the information as it relates to the class members. Regardless of whether the individual received a discharge through Chapter 7 or Chapter 13, the claim is not dependent on the *type* of discharge; it is the failure to report the discharge in a manner that assures *maximum possible accuracy* that forms the basis of the claim. A determination that Defendant failed to follow reasonable procedures will resolve the claims of the entire class *in one stroke*.

It is insufficient to claim that the "procedures" for reporting a Chapter 13 discharge and a Chapter 7 discharge are different; they were not reported *at all*.

As it relates to Plaintiff's "Dispute Subclass," Plaintiff's Complaint states: "There are questions of law and fact common to all members of the Subclass. The overarching questions of law and fact that are common to all members of the Subclass are whether: (a) in responding to dispute letters of individuals whose debts have been discharged in bankruptcy, Equifax has violated 15 U.S.C. § 1681i(a) by failing to follow reasonable reinvestigation procedures for ascertaining the accuracy of information pertaining to those debts in its credit reports; (b) Equifax's failure to comply with the requirements of 15 U.S.C. § 1681i(a) is negligent pursuant to 15 U.S.C. §1681o(a); and, (c) Equifax's failure to comply with the requirements of 15 U.S.C. § 1681i(a) is willful pursuant to 15 U.S.C. § 1681n(a)." (*Id.*, at ¶164).

Plaintiff's dispute subclass alleges sufficient "commonality" as well. The underlying question involves whether or not a reasonable investigation procedure was in existence, and executed, after Defendant received notice that that the debt they failed to properly report on was properly *discharged*. Again, the form of the discharge is irrelevant, as the ultimate result of the *discharge* is identical in both fashions; the difference is *when the discharge occurs*. As such, the procedures would be identical in both circumstances; whether the investigation procedure was reasonable is the core question, and that question is common to all members of the class.

As it relates to Plaintiff's Public Record Subclass, Plaintiff's Complaint states:

"There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the Class are whether: (a) in preparing consumer reports concerning individuals who received successful bankruptcy discharges, Equifax has failed to follow reasonable procedures to assure maximum possible accuracy of the information pertaining to the reporting of such successful bankruptcies in accordance with the requirements of 15 U.S.C. §1681e(b) . . .and, (f) Equifax's failure to comply with the requirements of 15 U.S.C. § 1681i(a) is willful pursuant to 15 U.S.C. § 1681n(a)." (*Id.*, at ¶170).

Again, Plaintiff's Public Record Subclass satisfies the "commonality" requirement of Rule 23. Defendant's failure to report a *discharge* of Plaintiff, and other class members', debts on the "public records" section of the report does not require different procedures based on the *type of discharge*. Thus, if the procedures are not reasonable for one type of bankruptcy, they are not reasonable for the other. A determination whether or not procedures are in place to ensure maximum possible accuracy about the class's credit information would resolve the entire case *in one stroke*.

Ultimately, Defendant's position misses the mark as it relates to the commonality requirement. Plaintiff is alleging that Defendant failed to follow reasonable procedures as it relates to *discharged debts*, debts that are no longer legally enforceable by virtue of the *completion* of the Bankruptcy process. The *form* of the Bankruptcy has absolutely no bearing on the end result of a successful discharge.

### iv. PLAINTIFF'S PROPOSED CLASS SATISFIES THE "TYPICALITY" REQUIREMENT OF RULE 23(A)(3)

The test of whether class representatives' claims are typical of class refers to nature of claim or defense of class representative and not to specific facts from which claims arose or relief sought. *Jones v. Shalala*, C.A.9 (Cal.) 1995, 64 F.3d 510. "A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156. The typicality

requirement, like the commonality requirement, serves as a "guidepost for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 131 S. Ct. at 2551 n.5.

> As it relates to Plaintiff's main class, Plaintiff's Complaint states:
> "The claims of the named Plaintiff is typical of the claims of each member of the Class they seek to represent because: (1) they have all been injured in the same manner as a result of Equifax's uniform and woefully inadequate procedure regarding the reporting of debts that have been discharged in bankruptcy; and (2) their claims are all based on the same legal theory." (Complaint ¶156).

Defendant again conflates Plaintiff's position. There is no legal or practical difference between debts that are *discharged* under Chapter 7, and debts that are *discharged* under Chapter 13. Defendant focuses on the *process* involved in *obtaining* a discharge under the distinct forms of Bankruptcy. While it is true Plaintiff filed for, and received, a *discharge* pursuant to Chapter 7, the harm Plaintiff has suffered is *identical* to the purported class; it is the failure to report a bankruptcy and its *discharged* debts that forms the basis of the Plaintiff's interest and injury, not the *type* of the Bankruptcy she received.

Similarly, Plaintiff's claim is typical of the proposed subclasses, since her interest and injury also result from Equifax's failure to properly report a *discharged* debt after receiving notice of dispute, and a failure to report a *discharged debt* on their public records even after receiving an FCRA dispute. Ultimately, the claim that Chapter 7 and Chapter 13 Bankruptcy processes are different has *no merit* when the complaint is about a failure as it relates to *debts that have completed the Bankruptcy process, and discharged as a matter of law*.

///

///

///

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

### v. Plaintiff's Proposed Classes Satisfy the "Predominance" Requirement of Rule 23(b)(3)

Rule 23(b)(3) requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997). This requirement is "stringent," *Id.,* at 609, and certification is improper where individual issues will render an action unmanageable. *See Zinser*, 253 F.3d at 1192.[13]

> As stated in Plaintiff's Complaint:
> "Under FED. R. CIV. P. 23(b)(3). Class certification of Plaintiff's claims for willful failure to employ reasonable reporting procedures in violation of 15 U.S.C. § 1681e(b) is also appropriate under FED. R. CIV. P. 23(b)(3). The common questions of law and fact relating to Plaintiff's willful violation claims predominate over questions affecting only individual members. Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. . ." (Complaint ¶ 159).

Once again, Defendant misses the crux of Plaintiff's Class Allegations. "Refusing to certify a class because the plaintiff decides not to make the sort of person-specific arguments that render class treatment infeasible would throw away the benefits of consolidated treatment. Unless a district court finds that personal injuries are large in relation to statutory damages, a representative plaintiff must be allowed to forego claims for compensatory damages in order to achieve class

---

[13] *See Also Summerfield v. Equifax Information Services LLC*, D.N.J.2009, 264 F.R.D. 133, ("Predominance" requirement for class action certification was satisfied in consumer's Fair Credit Reporting Act (FCRA) suit against CRA alleging misstatements in reinvestigation letter, contrary to agency's contentions that whether agency's conduct as to each class member was willful and issues concerning statutory and punitive damages made individual issues predominant; punitive damages inquiry went to agency's state of mind in implementing its policies and procedures with respect to issuing reinvestigation letters and whether agency knew or consciously disregarded that letters were false or misleading in violation of FCRA, not to consumer's particular interaction with agency, and amount of statutory damage award was unlikely to differ from consumer to consumer).

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

certification. When a few class members' injuries prove to be substantial, they may opt out and litigate independently." *See Jefferson v. Ingersoll International, Inc.,* 195 F.3d 894 (7th Cir.1999). Only when all or almost all of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether. *Murray v. GMAC Mortg. Corp. (7th Cir. 2006) 434 F.3d 948, 953.* [14]

As set forth in Plaintiff's Complaint, "For the vast majority of members of the Class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits." (Complaint ¶¶159, 165, 171). As such, taking Plaintiff's allegations as true, this is *precisely* the case where *none* of the claims are large enough to justify individual litigation. It follows then, that it would be *unwise* to reject class treatment altogether on the basis of damages.

As it relates to Defendant's contention that causation and damage determinations *alone* would defeat Plaintiff's proposed class, the issue is *not* whether there are individual determinations; the issue is whether class wide considerations *predominate* over individual questions. Since Plaintiff's proposed class suffered harm as a result of Defendant's implementing and executing unreasonable procedures designed to insure maximum possible accuracy of their reports, *as it relates to discharged debts and the public record of a bankruptcy,* the only question that must be answered is whether or not those procedures were reasonable. This is true as it relates to each class Plaintiff has proposed. That there *may* be some individualized inquiry is immaterial to the ultimate question of predominance.

Defendant Motion argues that Plaintiff's § 1681i(a) claims are too individualized. The FCRA requires that CRAs conduct "reasonable" investigations of consumer disputes. In addition, the CRAs must have and follow reasonable procedures to conduct such investigations. *Cordero v. Fin. Assistance, Inc.,* 2006 WL

---

[14] While the Seventh Circuit is certainly not binding precedent, Plaintiff cites this case as a direct rebuttal to Defendant's possible misinterpretation of the case in their Motion, 16:26.

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

3456662 (N.D. Cal. Nov. 29, 2006), ordered vacated, 2006 WL 3691596 (N.D. Cal. Dec. 10, 2006) (vacated at plaintiff's request); *Rothery v. Trans Union*, 2006 WL 1720498 (D. Or. Apr. 6, 2006). Despite this requirement, the CRAs have developed investigation procedures that are entirely automated and perfunctory, called the Automated Consumer Dispute Verification forms (ACDVs). Therefore, even in the context of a claim brought under section 1681i, the CRAs could be found to have failed to fulfill their obligations to conduct a reasonable investigation when they use an automated dispute system. It appears that this automated investigation system may itself fail to ensure maximum possible accuracy. Thus, several courts have held that this automated system may violate section 1681e(b) as well. [15] The repeated documented deficiencies of ACDV systems could also support a finding that these violations are willful or reckless, subjecting them to liability under section 1681n. [16]

Through discovery, Plaintiff can examine Defendant's business practices, policies (e.g., how diligently Defendant pursues reporting public records of bankruptcies for all pertinent consumers after already proactively deciding to subscribe to that information through PACER, how Defendant responds to consumer disputes that inform Defendant that they had bankruptcies and thus outstanding debts

---

[15] *Drew v. Equifax Info. Serv.*, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (history of deferring to furnishers rather than performing independent investigations, along with consent agreements with FTC and state Attorneys General, provided sufficient evidence for jury to find CRA ran unjustifiably high risk of violating FCRA); *Saindon v. Equifax Info. Serv.*, 608 F. Supp. 2d 1212 (N.D. Cal. 2009); *Apodaca v. Discover Fin. Serv.*, 417 F. Supp. 2d 1220, 1234 (D.N.M. 2006) (noting "the pointless repetition of the cursory CDV procedure by its various agents and contractors" and that "Congress intended the FCRA's punitive damages provision to deter such calculations by making it more costly for credit-reporting agencies to ignore a known category of FCRA violations in this manner.").

[16] *Grigoryan v. Experian Info. Solutions*, 84 F. Supp. 3d 1044, 1090–1092 (C.D. Cal. 2014) (pro se; citing numerous court decisions finding automated procedures unreasonable where CRAs were on notice of the possible inaccuracy of furnisher's responses); *Drew v. Equifax Info. Serv.*, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (history of deferring to furnishers rather than performing independent investigations, along with consent agreements with FTC and state Attorneys General, provided sufficient evidence for jury to find CRA ran unjustifiably high risk of violating FCRA)

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

were discharged, how Defendant documents such information and investigations, etc.), and patterns of conduct, through Rule 30(b)(6) Person Most Knowledgeable depositions. From this examination, Plaintiff can determine if the procedure Defendant relied upon to investigate disputes of debtors claiming their debts were discharged was inherently not reasonable. If Plaintiff is successful, then her proposed class may ultimately be certifiable.

As it relates to Defendant's arguments against Plaintiff's dispute sub-class, Defendant is crying wolf. Defendant's arguments *may* have contention if Plaintiff's allegations had to do with the reporting of debts on bankruptcies that were *pending*. Plaintiff is focusing on debts that were *discharged*. As such, the investigation would not be reasonable if the jury found that Defendant's procedures for identifying *discharged debts* was unreasonable. This is a far cry from individualized inquiry as Defendant suggests. Defendant's arguments against Plaintiff's Public Records subclass suffer from the same deficiencies.

## VII.   **CONCLUSION**

In short, Defendant's Motion illustrates why courts typically decide class certification *after discovery*, not on the pleadings.  Defendant seeks to strike the class allegations prematurely, merely to prejudice Plaintiff by denying discovery necessary to support an eventual motion for class certification. Nevertheless, should the Court grant Defendant's motion, in whole or in part, Plaintiff respectfully requests leave to modify or amend the Complaint of any deficiencies.

Dated:  June 15, 2017                                Respectfully submitted,

**C.O. LAW, APC**

By:  ___/s/ Clark Ovruchesky___
CLARK OVRUCHESKY, ESQ.
ATTORNEY FOR PLAINTIFF

<u>PROOF OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is C.O. LAW, APC, 750 B. Street, Suite 3300, San Diego, California, 92101.  On June 15, 2017, I served the within document(s):

PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S PARTIAL MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS

☐     E-MAIL - by transmitting via e-mail the document(s) listed above to the e-mail address listed below on this date before 11:59 p.m.

☐     MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.

☐     PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via.

☒     CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 15, 2017, at San Diego, California.


_____/s/ Clark Ovruchesky_____
CLARK OVRUCHESKY

C.O. LAW, APC
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

**PROOF OF SERVICE**