UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE GADOMSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | No. 2:17-cv-00670-TLN-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ALLEGATIONS** |

This matter is before the Court pursuant to Defendant Equifax Information Services, LLC's ("Defendant") Partial Motion to Dismiss and Strike Plaintiff's Class Allegations. (ECF No. 17.) Plaintiff Kellie Gadomski ("Plaintiff") opposes the motion. (ECF No. 20.) After carefully considering the parties' briefing, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Partial Motion to Dismiss and Strike Plaintiff's Class Allegations. (ECF No. 17.)

///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is a natural person who resides in Tracy, California. (Compl., ECF No. 1 ¶ 15.) She is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c). (ECF No. 1 ¶ 15.)

Defendant is a corporation authorized to do business in the State of California, with a primary corporate address in Atlanta, Georgia. (ECF No. 1 ¶ 16.) Defendant is a "consumer reporting agency" ("CRA") within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f), because it uses means and facilities of interstate commerce for the purpose of furnishing credit reports. (ECF No. 1 ¶ 17.)

Plaintiff alleges that around September 2009, she opened an account with Wells Fargo for a consumer credit card. (ECF No. 1 ¶ 117.) On or about 2012, Plaintiff fell behind on her payments leading Wells Fargo to "charge off" her account around August 2012. (ECF No. 1 ¶ 118.) On April 24, 2013, Plaintiff filed a "no asset" Chapter 7 bankruptcy in the U.S. Bankruptcy Court for this district. (ECF No. 1 ¶ 96.)[2] As a result of the filing, the bankruptcy court allegedly discharged the Wells Fargo account. (ECF No. 1 ¶¶ 101, 120.)

According to Plaintiff, Wells Fargo informed Defendant that Plaintiff's account was "charged off" or otherwise past due/unpaid, rather than "Discharged in Bankruptcy." (ECF No. 1 ¶¶ 104, 119.) Plaintiff alleges that Defendant failed to realize Plaintiff's debt was subject to bankruptcy and therefore, Defendant erroneously listed Plaintiff's discharged debt as due and owing in the "Public Records" section of Plaintiff's credit report. (ECF No. 1 ¶¶ 125, 127.) Plaintiff alleges that in a consumer report dated November 13, 2016, Defendant reported, based on information it received from Wells Fargo, that, as of December 2012, the "current (pay) status" on Plaintiff's account was "charged off." (ECF No. 1 ¶ 119.)

Later in November 2016, Plaintiff sent a letter to Defendant requesting that it remove the reported Wells Fargo information. (ECF No. 1 ¶¶ 133–134.) Defendant timely forwarded the dispute to Wells Fargo, and Wells Fargo reaffirmed the reported information. (ECF No. 1 ¶ 135.)

---

[1] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1.)
[2] Plaintiff's case was assigned Case Number 13-bk-25655 (the "Bankruptcy").

2

Around December 15, 2016, Defendant notified Plaintiff of the results of the reinvestigation. (ECF No. 1 ¶ 138.) After Defendant's reinvestigation of Plaintiff's dispute, it continued to list Plaintiff's current pay status as "charged off," as opposed to discharged in Plaintiff's Bankruptcy. (ECF No. 1 ¶ 141.) Plaintiff alleges that in her case and those similarly situated, Defendant failed to list bankruptcy in the public records section of their credit reports even though Defendant utilizes the computerized court reporting service known as PACER to regularly obtain access to every discharge order issued by a U.S. Bankruptcy Court in Chapter 7 proceedings. (ECF No. 1 ¶ 125.) Plaintiff alleges that "were [Defendant] to employ procedures of which it is fully aware, [Defendant] could achieve close to 100 percent accuracy in the reporting of the status of pre-bankruptcy debts." (ECF No. 1 ¶ 126.)

Plaintiff alleges that Defendant willfully and negligently failed to follow reasonable procedures to assure maximum possible accuracy of credit information in violation of 15 U.S.C. 1681e(b) and Defendant willfully and negligently failed to conduct a reasonable reinvestigation to assure maximum possible accuracy of credit reports in violation of 15 U.S.C. § 1681i(a). (ECF No. 1 ¶¶ 172–196.) Consequently, Plaintiff alleges Defendant violated both her and Class Members' statutory rights to be able to apply for credit based on accurate information. (ECF No. 1 ¶¶ 178, 183, 194.) Specifically, Plaintiff alleges that as a result of Defendant's inaccurate reporting and unreasonable reinvestigation procedures, she and Class Members are at increased risk of not being able to obtain valuable credit and their creditworthiness has been adversely affected. (ECF No. 1 ¶¶ 178, 183, 189, 196.)

Plaintiff seeks to represent a purported nationwide class of consumers and two purported nationwide subclasses. (ECF No. 1 ¶¶ 153, 160, 166.) The purported class includes all Chapter 7 and Chapter 13 debtors whose Defendant's consumer reports included "one or more…tradeline accounts or debts [which were] not reported as discharged." (ECF No. 1 ¶ 153.) The alleged "Dispute Subclass" includes the same debtors whose allegedly discharged debts "continued to be erroneously reported by [Defendant]" after they disputed those debts. (ECF No. 1 ¶ 160.) Finally, the alleged "Public Record Subclass" includes debtors "whose record of Chapter 7 and Chapter 13 Bankruptcies fail to report in the 'Public Records' section of [Defendant's] credit

reports any time." (ECF No. 1 ¶ 166.)

## II. STANDARD OF LAW

### A. Motion to Dismiss Pursuant to 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege " 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, " '[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a) (2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

B.  Motion to Dismiss Pursuant to 12(f)

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true[.]" *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Similarly, the Court "must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. MercedesBenz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "Motions to strike are

generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (internal quotation omitted). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

Courts have recognized that class action allegations may sometimes be properly stricken at the pleading stage. *See e.g., Kamm v. California City Dev. Co.*, 509 F.2d 205, 209–213 (9th Cir. 1975); *see generally General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."). However, Ninth Circuit precedent stands "for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts have broad discretion to control the class certification process, including whether to permit discovery in connection with class certification. *See id*.

### III. ANALYSIS

Plaintiff's Complaint alleges four separate causes of action against Defendant: (1) alleged willful violation of 15 U.S.C. § 1681e(b) on behalf of Plaintiff and class members; (2) alleged negligent violation of § 1681e(b) on behalf of Plaintiff and subclass members; (3) alleged willful violation of § 1681i(a) on behalf of Plaintiff and subclass members; and (4) alleged negligent violation of § 1681i(a) on behalf of Plaintiff and subclass members. (ECF No. 1 ¶¶ 172–196.)[3] Defendant argues this Court should dismiss Plaintiff's claims for willful and negligent violations of § 1681e(b) (Counts I and II), and Plaintiff's claim for a negligent violation of §1681i(a) (Count IV). Defendant also argues this Court should dismiss Plaintiff's requests for equitable relief, and request for statutory and punitive damages for a negligent violation of § 1681i(a). Lastly, Defendant argues this Court should strike Plaintiff's class allegations. (*See generally* ECF No.

---

[3] Plaintiff seeks to represent two purported nationwide subclasses. (ECF No. 1 ¶¶ 160, 166.) However, it is unclear which subclass Plaintiff seeks to represent in Counts II–IV. (ECF No. 1 ¶¶ 179–196.)

6

17.) Defendant is not moving to dismiss Plaintiff's individual claim that Defendant allegedly willfully violated § 1681i(a) (Count III) so the Court will not discuss this claim. (ECF No. 17 at 10 n.1.) The Court will analyze Defendant's arguments as stated above in chronological order.

### A. Claims 1 & 2: Willful and Negligent Violations of § 1681e(b)

Defendant makes several arguments as to why Plaintiff cannot prevail on her willful and negligent claims under § 1681e(b). (ECF No. 17 at 15–19.) Plaintiff only addressed one of Defendant's arguments. (*See generally* ECF No. 20.) The Court need only address the single argument Plaintiff responded to in order to conclude that Plaintiff's claims for willful and negligent violations of § 1681e(b) should be dismissed. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (determining that courts have inherent power to control the disposition of the causes on its docket for the sake of judicial economy).

Defendant argues Plaintiff fails to plausibly allege that Defendant lacks reasonable procedures to assure maximum possible accuracy in consumer reports. (ECF No. 17 at 15–17.) Specifically, Defendant argues that "Plaintiff cannot plausibly contend, on the one hand, that [Defendant] lacks 'reasonable procedures' for collecting bankruptcy information while admitting, on the other hand, that [Defendant] already implements the 'procedure' Plaintiff (wrongly) argues that the FCRA requires." (ECF No. 17 at 17.) Further, Defendant argues that the FCRA "does *not* require CRAs to be 100% accurate 100% of the time" and federal district courts have found that the FCRA does not require CRAs to "review every bankruptcy dismissal" prior to preparing a credit report. (ECF No. 17 at 15, 18 (emphasis retained) (quoting *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015)).)

Plaintiff does not dispute that CRAs are not required to review every bankruptcy dismissal prior to preparing a credit report, that Defendant does not need to be 100% accurate, or that Defendant already regularly obtains information on bankruptcies from PACER. (*See* ECF No. 20 at 9–12.) Instead, Plaintiff argues that she "is *not* required to allege that Defendant lacks reasonable procedures to establish a prima facie case against Defendant." (ECF No. 20 at 10–11 (emphasis retained).) Plaintiff argues that she "is only required to show that Defendant prepared a credit report containing inaccurate information." (ECF No. 20 at 11.)

7

"[T]o make a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "The FCRA does not impose strict liability, however – an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures. The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id*. "[A] credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a [presumptively reliable source], absent prior notice…that the information may be inaccurate." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1241 (10th Cir. 2015) (quotation omitted); *See Jianqing Wu v. Trans Union*, Civil Action No. AW-03-1290, 2006 WL 4729755, at *7 (D. Md. May 2, 2006) (expressing that it would be economically challenging for CRAs to function if CRAs were liable under the FCRA for relying on business records the CRA identified as trustworthy).

Here, Defendant does not dispute that the information reported on Plaintiff's credit report was inaccurate. (*See* ECF No. 17 at 15.) However, even taking Plaintiff's allegations as true that her consumer report was inaccurate, Defendant "is not liable under the FCRA for reporting inaccurate information [it] obtained from [Wells Fargo, a presumptively reliable source], absent prior notice…that the information may be inaccurate." *Wright, Inc.*, 805 F.3d at 1241. Nowhere in Plaintiff's complaint has Plaintiff alleged Wells Fargo is an unreliable source or that Defendant received notice that the information it obtained from Wells Fargo was inaccurate prior to issuing Plaintiff's credit report dated November 13, 2016. (*See generally* ECF No. 1.) Rather, Plaintiff alleges that Defendant failed to report Plaintiff's bankruptcy in the "Public Records" section of her credit report following its reinvestigation into her Wells Fargo account and that her "continued efforts" to correct Defendant's erroneous and negative reporting of her debt were fruitless. (ECF No. 1 ¶¶ 141, 149.) Plaintiff then makes the conclusory allegation that "[Defendant's] failure to correct the *previously disclosed inaccuracies* on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information." (ECF No. 1 ¶ 151 (emphasis added).) Plaintiff's complaint does not describe how

8

or when the inaccuracies were "previously disclosed," or even what those disclosures entailed. The Court need not accept vague and conclusory statements as true. Accordingly, Plaintiff fails to adequately allege violations of § 1681e(b).

Despite Plaintiff's vague and conclusory statements (ECF No. 1 ¶¶ 149, 151) and concession that Defendant uses FCRA-compliant procedures (ECF No. 20 at 9; ECF No. 1 ¶ 125–126), the Court finds that Plaintiff may be able to flesh out her claims for violations of § 1681e(b) with greater detail. Thus, for the reasons stated, the Court grants with leave to amend Defendant's Motion to Dismiss Counts I and II. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (expressing that a district court should liberally grant leave to amend unless amendment would be futile).

B. Claim 4: Negligent Violation of § 1681i(a)

Defendant argues that the Court should dismiss Plaintiff's claim for negligent violations of 15 U.S.C. § 1681i(a) because Plaintiff does not allege actual damages to support this claim.[4] (ECF No. 17 at 19.) Plaintiff failed to respond to this argument. (*See generally* ECF No. 20.)

To bring a negligence claim under the FCRA, Plaintiff must plead and prove that Defendant's alleged FCRA violation caused her to suffer actual damages. 15 U.S.C. § 1681o(a). Plaintiff alleges she "incurred monetary expenses, time, and effort in an attempt to dispute and seek correction of the inaccuracies" in Defendant's report and she generally asserts that Defendant's "reporting damaged [her] creditworthiness." (ECF No. 1 ¶¶ 124, 128, 130, 152.) Many district courts have held that a plaintiff cannot recover damages for an impaired credit score alone. *See, e.g., Basconcello v. Experian Info. Sols., Inc.*, No. 16-CV- 06307-PJH, 2017 WL1046969, at *10–11 (N.D. Cal. Mar. 20, 2017); *King v. Bank of Am., N.A.*, No. C-12- 04168 JCS, 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012). Furthermore, while the Ninth Circuit has not taken a stance on whether out-of-pocket expenses incurred in the ordinary course of disputing inaccuracies in a consumer credit report constitute actionable damage, courts in this circuit have adopted this view from the Second Circuit. The Second Circuit has held that "expenses incurred

---

[4] Defendant also made the argument that Plaintiff failed to allege actual damages for Count II. While the Court did not analyze this argument, the Court's finding as to Count IV would similarly apply to an argument that Plaintiff did not adequately plead actual damages as to Count II.

merely to notify [CRAs] of inaccurate credit information, and not to force their compliance with any specific provision of the statute, cannot be compensable as 'actual damages' for a violation of the FCRA." *Basconcello*, 2017 WL1046969, at *11 (quoting *Casella v. Equifax Credit Information Services*, 56 F.3d 469, 474 (2d Cir. 1995)). The Court finds this analysis persuasive. Thus, neither of Plaintiff's alleged damages are sufficient to show actual damages. Therefore, the Court grants with leave to amend Defendant's Motion to Dismiss Plaintiff's claim for a negligent violation of § 1681i(a). *Lopez v. Smith*, 203 F.3d 1122, 1127.

### C. Plaintiff's Request for Equitable Relief & Statutory and Punitive Damages for Negligent Violation of § 1681i(a)

#### i. *Equitable Relief under the FCRA*

Defendant argues that the FCRA does not permit Plaintiff to obtain equitable relief. (ECF No. 17 at 20 (citing 15 U.S.C. §§ 1681n, 1681o) (identifying the statutory relief available)).) Plaintiff responds that "district courts have inherent power to issue equitable relief," and " '[a]bsent the clearest command to the contrary from Congress, federal courts retain their power to issue injunctions in suits over which they have jurisdiction.' " (ECF No. 20 at 10 (quoting *Califano v. Yamaski*, 442 U.S. 682, 99 S. Ct. 2545 (1979)).) Plaintiff relies on a single case to support her contention, *Andrews v. TransUnion Corp.*, 7 F. Supp. 2d 1056, 1084 (C.D. Cal. 1998), *rev'd on other grounds sub nom.* However, Plaintiff does not reference the many district court cases rejecting the Court's view in *Andrews*.

While the Ninth Circuit has not addressed whether a private party may obtain injunctive relief under the FCRA, courts in the Ninth Circuit consistently hold that a private party may not obtain injunctive relief under the FCRA. *See e.g.*, *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (rejecting *Andrews* decision and concluding that "the FCRA does clearly preclude injunctive relief"); *see also Peterson v. Am. Express*, No. CV-14-02056-PHX-GMS, 2016 WL 1158881, at *10 (D. Ariz. Mar. 23, 2016). The Court has discretion whether to grant equitable relief, and federal courts in this district consistently deny injunctive relief under the FCRA to private parties. The Court agrees with its sister courts, and dismisses without leave to amend Plaintiff's individual request for injunctive relief.

*ii.     Statutory and Punitive Damages for a Negligent Violation of § 1681i(a)*

Defendant argues that "statutory and punitive damages are not available for negligent violations of the FCRA." (ECF No. 17 at 20 (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007); *Ashby v. Farmers Ins. Co. of Or.*, 565 F. Supp. 2d 1188, 1204 (D. Or. 2008); 15 U.S.C. § 1681n).) Plaintiff fails to respond to this argument. (*See generally* ECF No. 21.) An affected consumer may not recover statutory and punitive damages for a *negligent*, as opposed to a *willful*, violation of the FCRA. *Safeco*, 551 U.S. at 53; 15 U.S.C. §§ 1681o(a) (listing damages for negligent violations), 1681n(a)(1)–(a)(2) (listing damages for willful violations). Thus, the Court grants without leave to amend Defendant's Motion to Dismiss Plaintiff's request for statutory and punitive damages for a negligent violation of § 1681i(a).

D.     Defendant's Motion to Strike Plaintiff's Class Allegations

Defendant moves to strike all of Plaintiff's claims for class certification because it argues Plaintiff's claims are atypical and raise insurmountable individual issues. (ECF No. 17 at 21–27.) Defendant argues Plaintiff's claims are atypical because Plaintiff seeks to represent Chapter 7 and Chapter 13 debtors who are subject to different discharge procedures, and Plaintiff is not similarly situated to other Chapter 7 debtors. (ECF No. 17 at 22–24.) Defendant argues Plaintiff's claims raise insurmountable individual issues because Plaintiff would have to gather individualized evidence to prove causation and damages to support her class-wide negligence claims, a factfinder would have to consider the relevant circumstances of every debtor dispute to determine if Defendant conducted a "reasonable" reinvestigation, and Defendant would have to scour through PACER to find every consumer who is in bankruptcy to determine what information Defendant did not report. (ECF No. 17 at 24–27.) The Court need not reach the merits of Defendant's arguments because the Court declines to strike class allegations at this early stage in the proceedings.

As to Counts I, II, and IV, the Court denies Defendant's Motion to Strike Plaintiff's Class Allegations as moot since the Court dismissed these claims with leave to amend. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (stating that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members") (quotation

11

omitted). As to Count III, "striking is severe and disfavored," and "many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007); *Cholakyan v. MercedesBenz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating that while "class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification"). Therefore, the Court denies Defendant's Motion to Strike Plaintiff's Class Allegations with respect to Count III.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss and Strike Plaintiff's Class Allegations (ECF No. 17) is GRANTED IN PART AND DENIED IN PART. The Court hereby orders as follows:

1. The Court GRANTS WITH LEAVE TO AMEND Defendant's Motion to Dismiss Plaintiff's First and Second Causes of Action for willful and negligent violations of 15 U.S.C. § 1681e(b).

2. The Court GRANTS WITH LEAVE TO AMEND Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action for a negligent violation of 15 U.S.C. § 1681i(a).

3. The Court GRANTS WITHOUT LEAVE TO AMEND Defendant's Motion to Dismiss Plaintiff's requests for equitable relief, and Plaintiff's request for statutory and punitive damages for a negligent violation of § 1681i(a).

4. The Court DENIES Defendant's Motion to Strike Plaintiff's Class Allegations with respect to all four claims.

IT IS SO ORDERED.

Dated: May 7, 2018

Troy L. Nunley
United States District Judge