UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLIE GADOMSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | No. 2:17-cv-00670-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Equifax Information Services, LLC's ("Defendant") Motion to Dismiss and Strike Plaintiff's Class Allegations. (ECF No. 30.) Plaintiff Kellie Gadomski ("Plaintiff") filed an opposition. (ECF No. 31.) Defendant filed a reply. (ECF No. 34.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff resides in Tracy, California.  (ECF No. 27 at 5.)  She is a "consumer" as that term is defined by California Civil Code § 1785.3(b) and 15 U.S.C. § 1681a(c).  (*Id.*)  Defendant is a corporation authorized to do business in the State of California, with a primary corporate address in Atlanta, Georgia.  (*Id.*)  Defendant is a "consumer reporting agency" ("CRA") within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f), because it uses means and facilities of interstate commerce for the purpose of furnishing credit reports.  (*Id.*)

Plaintiff alleges that around September 2009, she opened an account with Wells Fargo for a consumer credit card.  (*Id.* at 22.)  On or about 2012, Plaintiff fell behind on her payments, leading Wells Fargo to "charge off" her account around August 2012.  (*Id.*)  On April 24, 2013, Plaintiff filed a "no asset" Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of California.  (*Id.* at 19.)  As a result of the filing, the bankruptcy court allegedly discharged the Wells Fargo account.  (*Id.* at 20.)

According to Plaintiff, Wells Fargo incorrectly informed Defendant that Plaintiff's account was "charged off" or otherwise past due/unpaid rather than "Discharged in Bankruptcy."  (*Id.* at 22–23.)  Plaintiff alleges Defendant failed to realize Plaintiff's debt was subject to bankruptcy and erroneously listed Plaintiff's discharged debt as due and owing in the "Public Records" section of Plaintiff's credit report.  (*Id.*)  Plaintiff alleges that in a consumer report dated November 13, 2016, Defendant therefore inaccurately reported that the "current (pay) status" on Plaintiff's account was "charged off" as of December 2012.  (*Id.*)

Later in November 2016, Plaintiff sent a letter to Defendant requesting that it remove the reported Wells Fargo information.  (*Id.* at 25–26.)  Defendant timely forwarded the dispute to Wells Fargo, and Wells Fargo reaffirmed the reported information.  (*Id.*)  Around December 15, 2016, Defendant notified Plaintiff of the results of the reinvestigation.  (*Id.* at 26.)  After Defendant's reinvestigation of Plaintiff's dispute, it continued to incorrectly list Plaintiff's current pay status as "charged off" as opposed to discharged in Plaintiff's bankruptcy.  (*Id.*)

In her First Amended Complaint ("FAC"), Plaintiff brings four causes of action against Defendant: (1) willful failure to employ reasonable procedures to assure maximum possible

1  accuracy of credit reports in violation of 15 U.S.C. § 1681e(b) ("§ 1681e(b)"); (2) negligent
2  failure to employ reasonable procedures to assure maximum possible accuracy of credit reports in
3  violation of § 1681e(b); (3) willful failure to reasonably reinvestigate in violation of 15 U.S.C. §
4  1681i(a) ("§1681i(a)"); and (4) negligent failure to reasonably reinvestigate in violation of §
5  1681i(a).  (*Id.* at 35–40.)

6      Plaintiff seeks to represent a purported nationwide class and two purported nationwide
7  subclasses.  (*Id.* at 29.)  The purported class includes Chapter 7 and Chapter 13 debtors who have
8  had a consumer report relating to them prepared by Defendant in which "one or more . . .
9  tradeline accounts or debts was not reported as discharged."  (*Id.*)  The alleged "Dispute
10 Subclass" includes the same debtors whose allegedly discharged debts "continued to be
11 erroneously reported by [Defendant]" after they disputed those debts.  (*Id.* at 31.)  Finally, the
12 alleged "Public Record Subclass" includes debtors "whose record of Chapter 7 and Chapter 13
13 Bankruptcies fail to report in the 'Public Records' section of [Defendant's] credit reports any
14 time."  (*Id.* at 33.)

15     All four of Plaintiff's claims are brought against Defendant on behalf of Plaintiff and all
16 Class Members, including the Dispute and Public Record Subclass Members.  Plaintiff alleges
17 Defendant violated both her and Class Members' statutory rights to be able to apply for credit
18 based on accurate information.  (*Id.* at 19.)  Specifically, Plaintiff alleges that as a result of
19 Defendant's inaccurate reporting and unreasonable reinvestigation procedures, she and Class
20 Members are at increased risk of not being able to obtain valuable credit and their
21 creditworthiness has been adversely affected.  (*Id.*)

22     Defendant filed the instant motion on July 18, 2018.  (ECF No. 30.)  In its motion,
23 Defendant moves to dismiss Plaintiff's § 1681e(b) claims (Claims One and Two) pursuant to
24 Federal Rule of Civil Procedure ("Rule") 12(b)(6) and also to strike Plaintiff's class allegations
25 pursuant to Rule 12(f) and Rule 23.[1]  (*Id.*)

---

[1]  It bears mentioning that the Court granted in part and denied in part Defendant's previous motion to dismiss and strike based on substantially similar arguments.  (*See* ECF No. 26.)  The Court granted Defendant's motion to dismiss Plaintiff's § 1681e(b) claims with leave to amend and denied Defendant's motion to strike the class allegations.  (*Id.* at 12.)

3

**II.     STANDARDS OF LAW**

     A.     <u>Motion to Dismiss Pursuant to 12(b)(6)</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

4

been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a) (2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

B.   <u>Motion to Dismiss Pursuant to 12(f)</u>

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true[.]" *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Similarly, the Court "must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. MercedesBenz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited

5

importance of pleadings in federal practice." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (internal quotation omitted). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

Courts have recognized that class action allegations may sometimes be properly stricken at the pleading stage. *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209–13 (9th Cir. 1975); *see generally Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."). However, Ninth Circuit precedent stands "for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts have broad discretion to control the class certification process, including whether to permit discovery in connection with class certification. *See id*.

### III. ANALYSIS

#### A. Motion to Dismiss § 1681e(b) Claims

Defendant makes two main arguments as to why Plaintiff cannot prevail on her § 1681e(b) claims. First, Defendant argues Plaintiff fails to allege Defendant lacks reasonable procedures to assure maximum possible accuracy in consumer reports. (ECF No. 30 at 15.) Second, Defendant argues Plaintiff fails to allege a willful violation of § 1681e(b). (*Id.* at 19.) The Court will address Defendant's arguments in turn.

##### i. *Reasonable procedures under § 1681e(b)*

Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "[T]o make a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "The FCRA does

6

not impose strict liability, however — an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.* "[A] credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a [presumptively reliable source], absent prior notice . . . that the information may be inaccurate." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1241 (10th Cir. 2015) (quotation omitted).

Defendant argues this case involves "at most, an alleged one-off error" and Plaintiff fails to allege Defendant lacks reasonable procedures to assure maximum possible accuracy in consumer reports.[2] (ECF No. 30 at 11.) While Defendant acknowledges Plaintiff added new allegations to her FAC to address deficiencies in her original complaint on this issue, Defendant argues Plaintiff's new allegations about what constitutes "reasonable procedures" under the FCRA are unprecedented and impose an "impossible standard." (*Id.* at 16–17.) Defendant then argues even if the FCRA did require Defendant to adopt Plaintiff's proposed procedures, Plaintiff's allegations suggest Defendant already implements those procedures. (*Id.* at 17.) Lastly, Defendant argues it cannot be liable for reporting inaccurate information obtained from Wells Fargo because Plaintiff has not identified any facts or authority to suggest Defendant should have known Wells Fargo was an unreliable source. (*Id.* at 17–18.)

In opposition, Plaintiff points to several new facts added to her FAC to support her allegation that Defendant failed to follow reasonable procedures in her case. Plaintiff alleges information relating to whether a debt has been reaffirmed or successfully challenged is retrievable from PACER and LexisNexis through automated, computerized means. (ECF No. 27 at ¶ 131.) Plaintiff also alleges although Defendant affirmatively seeks out and obtains public records from PACER and LexisNexis, Defendant has failed to consistently report the public record of bankruptcies for its consumers to determine whether certain debts have been discharged. (*Id.* at ¶¶ 79, 129.) Plaintiff alleges Defendant instead reports pre-bankruptcy information furnished by consumers' creditors even if that information ignores or contradicts

---

[2]   Defendant does not dispute that the information reported on Plaintiff's credit report was inaccurate. *See Guimond*, 45 F.3d at 1333.

1   information contained in easily obtained public court records. (*Id.* at ¶ 78.) According to
2   Plaintiff, a reasonable investigation would have led Defendant consulting with PACER or
3   LexisNexis to determine that Plaintiff had a successful bankruptcy discharge. (*Id.* at ¶ 150.)
4   Plaintiff notes that two other CRAs, Experian and TransUnion, reported Plaintiff's bankruptcy in
5   the "Public Records" sections of their respective credit reports during the same reporting time
6   frame, which further bolsters her claim that Defendant failed to adopt reasonable procedures to
7   assure maximum possible accuracy. (*Id.* at ¶ 130.)

8       Plaintiff also adds facts to support the allegation that Defendant knew Wells Fargo was an
9   unreliable source and the information obtained from Wells Fargo was inaccurate prior to issuing
10  Plaintiff's credit report. Plaintiff alleges that over the past several years, thousands of consumers
11  have written dispute letters to Defendant requesting that Defendant correct its erroneous reporting
12  of discharged debts as due and owing because those debts had, in fact, been discharged in
13  bankruptcy and have named Wells Fargo as the furnisher of the inaccurate reporting. (*Id.* at ¶
14  91.) Plaintiff alleges that, as a result, there have been thousands of consumer complaints to
15  regulators and agencies such as the Better Business Bureau, Federal Trade Commission, and
16  Consumer Financial Protection Bureau, as well as lawsuits filed against Wells Fargo and
17  Defendant based on identical reporting violations discussed in the FAC. (*Id.* at ¶ 92.) Plaintiff
18  therefore alleges Defendant knows, or should know, that the information creditors like Wells
19  Fargo furnish regarding the status of prebankruptcy debts is highly unreliable and that its
20  procedures for reporting such debts thus fail to assure maximum possible accuracy. (*Id.*)

21      The Court finds Plaintiff's new factual allegations plausibly allege Defendant failed to
22  follow reasonable procedures under § 1681e(b). Although Defendant argues Plaintiff's
23  allegations seem to suggest Defendant *generally* follows reasonable procedures by seeking out
24  information from PACER and LexisNexis, § 1681e(b) requires Defendant to "follow reasonable
25  procedures to assure maximum possible accuracy of the information *concerning the individual*
26  *about whom the report relates*." 15 U.S.C. § 1681e(b) (emphasis added). Plaintiff's new
27  allegations provide at the very least a reasonable inference that Defendant did not follow
28  reasonable procedures in her case because, had Defendant checked PACER or LexisNexis,

presumably it would have seen the results of Plaintiff's bankruptcy and updated her records accordingly.  Indeed, Plaintiff's allegation that Experian and TransUnion did not make the same error also leads to a reasonable inference that Defendant failed to follow reasonable procedures in Plaintiff's case.  Further, Plaintiff's allegations about the numerous dispute letters and consumer complaints regarding Wells Fargo's inaccurate reporting suggest Wells Fargo was not a presumptively reliable source and Defendant had prior notice that information from Wells Fargo may be inaccurate.  *See Wright*, 805 F.3d at 1241.

Defendant essentially challenges the reasonableness of the procedures alleged by Plaintiff and whether Defendant followed those procedures.  However, the Ninth Circuit has emphasized "[t]he reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases."  *See Guimond*, 45 F.3d at 1333.  At this early stage, the Court must take Plaintiff's allegations as true and draw all reasonable inferences in her favor.  *See Cruz*, 405 U.S. at 322; *see also Retail Clerks*, 373 U.S. at 753 n.6.  For the reasons discussed above, the Court finds the FAC plausibly alleges Defendant failed to follow reasonable procedures to assure maximum possible accuracy in Plaintiff's case.  Accordingly, the Court rejects Defendant's first basis for dismissal.

*ii.    Willfulness*

Defendant next argues that, at a minimum, Plaintiff fails to allege a willful violation of § 1681e(b).  (ECF No. 30 at 19.)  In opposition, Plaintiff points to many of the same allegations discussed above and argues she sufficiently alleged willfulness.  (ECF No. 31 at 20.)

"[W]illfulness under the FCRA 'cover[s] not only known violations of [the statute], but reckless ones as well.'" *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *19 (N.D. Cal. Dec. 20, 2017) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)).  "The common law has generally understood 'recklessness' in the civil liability sphere as conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 49 (citation and internal quotation marks omitted).

The thrust of Defendant's argument is that it did not act recklessly because the FCRA does not require Defendant to "pore through PACER" to determine whether a debt has been discharged. (ECF No. 30 at 20.) As already stated, however, the Court must take Plaintiff's allegations as true and give her the benefit of all reasonable inferences. *See Cruz*, 405 U.S. at 322; *see also Retail Clerks*, 373 U.S. at 753 n.6. To summarize, Plaintiff alleges the information Defendant possessed in its records would have enabled it to confirm the status of Plaintiff's bankruptcy through services like LexisNexis or PACER. (ECF No. 27 at ¶¶ 131, 150.) Plaintiff further alleges that despite knowing of and generally using LexisNexis and PACER, Defendant failed to use those services in Plaintiff's case and instead relied on Wells Fargo's inaccurate report. (*Id.* at ¶¶ 78, 79, 129.) Finally, Plaintiff alleges that previous disputes and consumer complaints about Wells Fargo's inaccurate reporting put Defendant on notice that information furnished by Wells Fargo was unreliable. (*Id.* at ¶¶ 91, 92.)

Whether Defendant's actions rise to a willful violation is ultimately a question of fact to be determined by a jury. For purposes of ruling on the instant motion, Plaintiff's factual allegations support a reasonable inference that Defendant knew or should have known there was an "unjustifiably high" risk that relying on information from Wells Fargo and failing to check PACER or LexisNexis would result in an inaccurate credit report. *See Safeco*, 551 U.S. at 49. As such, the Court finds Plaintiff plausibly alleges that Defendant willfully violated § 1681e(b). Accordingly, Defendant's motion to dismiss is DENIED.

B.     Defendant's Motion to Strike Plaintiff's Class Allegations

Defendant moves to strike Plaintiff's nationwide class allegations for two reasons: (1) determining whether each class members' report contained inaccurate information will require an individualized inquiry; and (2) the Court lacks personal jurisdiction over any claims not arising from Defendant's conduct in California. (ECF No. 30 at 21–22.)

As with its order on Defendant's prior motion (*see* ECF No. 26 at 11–12), the Court again declines to strike class allegations at this early stage. As the Court previously explained, "striking is severe and disfavored," and "many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in

10

the litigation." (ECF No. 26 at 12 (quoting *Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP (RCx), 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007); *Cholakyan*, 796 F. Supp. 2d at 1245 ("[While] class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification.").)

As to Defendant's personal jurisdiction argument, the Court acknowledges the law is unclear as to whether the Court may exercise personal jurisdiction over the claims of unnamed, non-California class members. Defendant argues the Supreme Court's decision in *Bristol-Myers* applies here. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (holding due process did not permit the exercise of specific personal jurisdiction over the claims of named, nonresident consumers in a mass tort action). But *Bristol-Myers* dealt with a mass tort action with individually named plaintiffs, and the Court did not address whether its holding applied to class actions. *Id.* at 1789 n.4 (Sotomayor, J., dissenting) ("The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.").

Moreover, the relevant case law has developed significantly since the parties briefed the instant motion in 2018. "While some courts have applied *Bristol-Myers* to class actions, others have not." *King v. Bumble Trading, Inc.*, No. 18-CV-06868-NC, 2020 WL 663741, at *4 (N.D. Cal. Feb. 11, 2020) (internal citations omitted); *see also Goldstein v. Gen. Motors LLC*, No. 3:19-CV-01778-H-AHG, 2020 WL 1849659, at *4 (S.D. Cal. Apr. 13, 2020) (collecting cases). "The Ninth Circuit and the Supreme Court . . . have yet to decide this issue." *King*, 2020 WL 663741, at *4. However, at least two circuits recently confronted the issue in ways that are potentially persuasive here. *See Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020) (affirming denial of a motion to dismiss class allegations for lack of personal jurisdiction because "[p]utative class members become parties to an action — and thus subject to dismissal — only after class certification"); *see also Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) ("[N]amed representatives must be able to demonstrate either general or specific personal

jurisdiction, but the unnamed class members are not required to do so."). The Court believes that these developments warrant updated briefing at the class certification stage.

For these reasons, the Court declines to strike Plaintiff's class allegations at this early stage. *See Vinole*, 571 F.3d at 942 ("District courts have broad discretion to control the class certification process."); *see also Cole v. Asurion Corp.*, No. CV 06-6649PSGJTLX, 2008 WL 5423859, at *14 (C.D. Cal. Dec. 30, 2008) ("[T]he Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification."). As such, the Court DENIES Defendant's Motion to Strike Plaintiff's Class Allegations without prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss and Strike Plaintiff's Class Allegations is DENIED. (ECF No. 30.) Defendant shall file a responsive pleading within twenty-one (21) days of the date of electronic filing of this Order.

IT IS SO ORDERED.

DATED: July 6, 2020

Troy L. Nunley
United States District Judge